**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4229**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERT SIMMONS,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (1:07-cr-00334-CCB-1)

Submitted:  November 3, 2009        Decided:  November 12, 2009

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gary A. Ticknor, Elkridge, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Melanie L. Glickson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Simmons pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and was sentenced to 180 months in prison. Simmons reserved his right to appeal the district court's denial of his motion to suppress, and on appeal he challenges that denial on several grounds. For the reasons that follow, we affirm.

When reviewing a district court's denial of a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). Under a clear error standard, this court will reverse the district court only when it is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks omitted). However, "if the district court's account of the evidence is plausible in light of the record viewed in its entirety," this court will not reverse the district court's finding despite concluding that it would have "decided the fact differently." Id. (internal quotation marks and alteration omitted). In other words, when two views of the evidence are permissible, "the district court's choice between them cannot be clearly

erroneous." Id. (internal quotation marks and alteration omitted).

Moreover, this court defers to the credibility determinations of the district court, "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted), cert. denied, 129 S. Ct. 1312 (2009). Finally, when a motion to suppress has been denied by the district court, this court construes the evidence in the light most favorable to the government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008).

Our review of the record demonstrates that the district court did not err in denying Simmons's motion to suppress. Simmons was a passenger in a vehicle that law enforcement officers stopped upon probable cause to believe that the vehicle had violated Maryland Code Ann., Transp. § 21-1004(b)(2) (LexisNexis 2009), which requires a driver whose vehicle is stopped or parked on a one-way street to do so with "[i]ts left hand wheels within 12 inches of the left hand curb or edge of the roadway." The district court found that the testimony of the officers, as well as the exhibits introduced at the suppression hearing, consistently placed the vehicle at a location that was more than twelve inches from the curb. As a

3

result, the district court correctly determined that the officers had probable cause to believe that the Maryland Code had been violated. Thus, the stop of the vehicle, initiated to issue the driver a citation for the violation, was lawful. See Whren v. United States, 517 U.S. 806, 810 (1996) (holding that, "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred"). Moreover, Simmons was lawfully ordered to exit the vehicle during the pendency of the stop pursuant to Maryland v. Wilson, 519 U.S. 408, 415 (1997). Finally, the gun that Simmons sought to suppress was found in plain view on the driver's lap, and therefore was properly seized by the law enforcement officers. See United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4